LPER CURIAM.
Writ granted. Mr. Toncrey executed his last will and testament on September 10, 1990, and died on November 15, 1996. His testament provides, in pertinent part:
II.
I hereby give and bequeath to my wife, Gertrude Vicknair Toncrey, in full ownership, my entire community and separate property, movable and immovable, that I die possessed of.
III.
In the event the new laws eliminating forced heirship of the State of Louisiana are declared invalid by the Louisiana Supreme Court, then and only in that event, Paragraph II will fail and my estate shall be disposed of as hereinafter provided.
IV.
I hereby give and bequeath to my wife, Gertrude Vicknair Toncrey, in full ownership, the disposable portion of all community and separate property, movable and immovable that I die possessed of.
V.
I confirm for life the usufruct which my wife, Gertrude Vicknair Toncrey enjoys under the laws of the State of Louisiana as to all my interest in community property and grant to her a lifetime *1173 usufruct over all of my separate property which I own at the time of my death....
VI.
I give and bequeath all of the rest and remainder of my estate subject to the above reference usufruct, to my two children born of my marriage with Ruth Snell, namely, Elizabeth Toncrey, wife of Don Burnham and Earline Toncrey, wife of Douglas Winslow.
VII.
In the event my wife, Gertrude Vick-nair Toncrey, should predecease me, I hereby give and bequeath the portion of my estate hwhich I inherited from my wife, Gertrude Vicknair Toncrey, to her children ... and the remainder of my estate to my two children, namely, Elizabeth Toncrey and Earline Toncrey. The purpose of this paragraph is to provide that in the event my wife should predecease me, my children, Elizabeth Ton-crey ... and Earline Toncrey ... and my wife’s children ... shall inherit equally the entire community estate which formerly existed between my wife and myself.
The question presented by this application is whether decedent’s two surviving adult children are forced heirs.[1] The court of appeal, on remand from this court, held that the children “will be treated as forced heirs because Mr. Toncrey included them in his testament as forced heirs” and therefore reversed the judgment of the trial court granting the partial motion for summary judgment on the issue of forced heirship. The court of appeal, relying on this court’s decision in Succession of Boyter, 99-0761 (La.1/7/00), 756 So.2d 1122, reasoned that because subsection (B)(1)(c) of La. R.S. 9:2501 did not apply since Mr. Toncrey failed to omit his forced heirs, and that subsections (B)(1)(a) and (B)(1)(b) similarly did not apply, the children’s rights were governed by the law in effect on December 31,1995 pursuant to La. R.S. 9:2501(B)(2). We now reverse this decision and remand the case to the trial court for further proceedings consistent with this opinion.
Succession of Boyter established that the provisions of La. R .S. 9:2501 (1996) are to be applied to the successions of all persons who die after December 31, 1995 (but before July 15, 1997), leaving a testament that was executed before January 1, 1996.[2] As we explained in Boyter, once the | ¡¡provisions of La. R.S. 9:2501 (1996) are applied, one of two mutually exclusive *1174 outcomes will emerge: (1) the testament complies with the requirements of subsection (B)(1), in which case the law in effect at the time of the testator’s death shall govern the testament, or (2) the testament does not comply with the requirements of subsection (B)(1), in which case the law in effect on December 31, 1995 shall govern the testament. 99-0761 at p. 12, 756 So.2d at 1130. The law in effect on December 31, 1995 recognized all children as forced heirs. Boyter, 99-0761 at p. 21-22, 756 So.2d at 1137.
In the instant case, Mr. Toncrey executed his last will and testament before January 1, 1996, and died after December 31, 1995, but before July 15, 1997; therefore, the provisions of La. R.S. 9:2501 (1996) are to be applied to his succession. The question then becomes whether his testament complies with the requirements of subsection (B)(1). As we stated in Boyter, “The clear wording of La. R.S. 9:2501(B) requires that there be actual verbiage in the testament indicating an intent to cut off the forced heir’s right of reduction under La. C.C. art. 1503, et seq. Accordingly, we find that each of the three requirements found in La. R.S. 9:2501(B) requires a clear and affirmative action by the testator.” 99-0761 at p. 13, 756 So.2d at 1131.
Subsection (B)(1)(a) requires that the testator “manifest an intent to disinherit a forced heir or to restrict the forced heir to his legitime under the law in effect at the time of the testator’s death” in order for the testament to be governed by the law in effect at the time of the testator’s death. “[A] manifestation of intent as contemplated by La. R.S. 9:2501(B)(1)(a) requires some affirmative action by the testator in his testament.” Boyter, 99-0761 at p. 14, 756 So.2d at 1132. Had Mr. Toncrey’s testament ended with paragraph II and made no mention of his children, we would be faced with a factual situation almost identical to that found in Boyter where the forced heirs were simply omitted from the testament. However, Mr. Toncrey, after attempting to leave the entirety of his estate to his 14second wife, provided that in the event the new laws eliminating forced heirship are declared invalid, the bequest to his wife would fail and he wished to give the disposable portion of his estate to his wife and the “rest and remainder” of his estate, subject to a lifetime usufruct in favor of his wife over both his community and separate property, to his two children. Here, Mr. Toncrey affirmatively expressed his intent to leave the entirety of his estate to his second wife, and nothing to his children, if the law allowed such a disposition. He also affirmatively indicated, by actual verbiage, his intent to leave his children nothing, or, alternatively, if the law prohibited this, his intent to leave his children only the minimum amount mandated by law at the time of his death. We believe a reading of Mr. Toncrey’s testament as a whole manifests his intent to restrict his children to their legitimes under the law in effect at the time of his death. The requirement of La. R.S. 9:2501(B)(l)(a) is therefore satisfied and that the law in effect at the time of Mr. Toncrey’s death applies to his succession.
The trial court’s granting of partial summary judgment in favor of defendant, Mr. Toncrey’s second wife, was therefore correct. The judgment of the court of appeal to the contrary is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
LEMMON and VICTORY, JJ„ vote to grant the application and docket for argument.

. It is not contended that Mr. Toncrey's children were twenty-three years of age or younger at the time of his death or that they suffered from any mental incapacity or physical infirmity that would render them permanently incapable of taking care of their persons or administering their estates at that time.

. La. R.S. 9:2501(1996) provides:
A. The provisions of Act. No. 1180 of the 1995 Regular Session as provided therein became effective on January 1, 1996, and shall apply to the successions of all persons who die after December 31, 1995.
B. If the person dies testate, and the testament is executed before January 1, 1996, then the testator’s intent shall be ascertained according to the following rules:
(1)That the testament shall be governed by the law in effect at the time of the testator’s death in any of the following instances:
(a) When the testament manifests an intent to disinherit a forced heir or to restrict a forced heir to the legitime under the law in effect at the time of the testator's death.
(b) When the testament leaves to the forced heir an amount less than the legi-time under the law in effect at the time the testament is executed.
(c) When the testament omits a forced heir and the language of the testament indicates an intent to restrict the forced heir to an amount less than the legitime under the law in effect at the time the testament is executed.
(2) That in all other instances the testament shall be governed by the law in effect on December 31, 1995.
(3) That the term forced heirs, as used above, shall mean a forced heir at the time the testament is executed.