hAMY, Judge.
The son of the decedent filed a motion for summary judgment in the probate proceedings of his father’s estate requesting that he be declared a forced heir and awarded his legitime. The trial court denied summary judgment. The son appealed. For the following reasons, we reverse, render judgment in favor of the appellant, and remand for further proceedings consistent with this opinion.
Factual and Procedural Background
Richard M. Coe, Sr. (Coe, Sr.) died on March 10, 1999. He was survived by his only son, Richard M. Coe, Jr. (Coe, Jr.). Coe, Sr. executed a statutory will on August 15,1994, which provides:
LAST WILL AND TESTAMENT
Lake Charles, Louisiana
August 15,1994
I, RICHARD M. COE, having the desire to make a proper disposition of all that I own at the time of my death, do hereby make this my Last Will and Testament, revoking all others.
FIRST, I give and bequeath unto my son my husband [sic], Richard M. Coe, Jr. as his forced portion all funds on deposit with Merrill Lynch.
SECOND, I give and bequeath to HAROLD J. HEBERT, the remainder of my estate.
THIRD, I name and appoint HAROLD J. HEBERT executor of this testament and of my estate, without bond.
FOURTH, I name and appoint F.A. RODDY as attorney for my estate and for my executor, and in the event that he should predecease me, then I appoint the firm of Roddy & Watson, or its successors, as attorneys for my estate and executor.
FIFTH, it is my desire that my executor, HAROLD J. HEBERT, make immediate arrangements for the cremation of my remains upon my death.
PIN WITNESS WHEREOF, I have signed this, my Last. Will and Testament, in the presence of the undersigned competent witnesses and Notary.
/s/ Richard M. Coe.
Richard M. Coe, Testator
[[Image here]]
Central to the determination of this case are the legislative changes of the past dec *798 ade in this State’s concept of forced heir-ship. Coe, Sr. died in 1999 with one heir and after the changes in the heirship laws. However, the relevant testament was executed prior to January 1, 1996, the effective date of Act 1180 of the 1995 Regular Session, a provision implementing the changes and abolishing forced heirship for children who are twenty-three years of age or younger, mentally incapacitated, or physically infirm at the time of the testator’s death. Thus, due to these dates, the transitional provisions of La.R.S. 9:2501 control whether the law in effect at the time of death or the law at the time the testament was executed govern the interpretation of the testament. This determination controls Coe, Jr.’s status as a forced heir. See Succession of Boyter, 99-0761 (La.1/7/00), 756 So.2d 1122. See also Succession of Toncrey, 00-1761 (La.9/29/00), 769 So.2d 1172; La.Civ.Code art. 1493.[1] La.R.S. 9:2501 is a transitional provision which “was enacted to bring certainty and consistency to a confusing time in this area of the law wherein Louisiana moved from a legal regime under which all children were forced heirs, unless they were expressly disinherited for just cause by their parents, to one in which forced heirship status was honly provided for in limited circumstances.” Boyter, 99-761, p. 11, 756 So.2d at 1130. La.R.S. 9:2501 presently reads as follows:
If a person dies testate after July 15, 1997, and the testament is executed before January 1, 1996, then the testator’s intent shall be ascertained according to the following rules:
(1) That the testament shall be governed by the law in effect at the time of the testator’s death in any of the following instances:
(a) When the testament manifests an intent to disinherit a forced heir or to restrict a forced heir to the legitime under the law in effect at the time the testator’s death.
(b) When the testament leaves to the forced heir an amount less than the legitime under the law in effect at the time the testament is executed.
(c) When the testament omits a forced heir and the language of the testament indicates an intent to restrict the forced heir to an amount less than the legitime under the law in effect at the time the testament is executed.
(2) That in all other instances the testament shall be governed by the law in effect at the time the testament was executed.
[[Image here]]
On August 3, 1999, Mr. Hebert filed a “Petition for Probate of Statutory Testament and for Confirmation as Testamentary Executor” and a “Petition to Place Heirs in Possession.” In these pleadings, Mr. Hebert prayed that he be recognized as the universal legatee of Coe, Sr. and sent into possession of all of the property belonging to the succession of the deceased. He maintained that according to his interpretation of La.R.S. 9:2501, Coe, Sr.’s testament should be governed by the laws in effect at the time of the testator’s death and Coe, Jr., a descendant over the age of twenty-four years of age and neither mentally nor physically handicapped, was not a forced heir. Moreover, Mr. Hebert claimed that Coe, Jr.’s bequest had lapsed, in Rthat the funds deposited with *799 Merrill Lynch, which were bequeathed to Coe, Jr., were withdrawn by Coe, Sr. prior to his death. Thus, Mr. Hebert alleged that he was entitled to all remaining property found in Coe, Sr.’s estate.
On September 6, 2000, Coe, Jr. filed a motion for summary judgment alleging that he was entitled to a judgment as a matter of law declaring: (1) him to be a forced heir of the decedent, Coe, Sr., (2) that he is entitled to a legitime portion under the decedent’s testament and the laws in effect on August 15, 1994, the date of execution of the decedent’s testament, (3) that Mr. Hebert is not the universal legatee of Coe, Sr., and (4) that Mr. Hebert is not entitled to possession of the property of the estate of Mr. Coe, Sr.
Prior to the hearing on the motion for summary judgment, Coe, Jr. filed a “Motion [] to Limit the Introduction of Evidence.” By this motion, Coe, Jr. attempted to prevent Mr. Hebert from introducing any evidence regarding the current status of Coe, Sr.’s Merrill Lynch accounts which Mr. Hebert alleged were disposed of prior to Coe,' Sr.’s death. Coe, Jr. claimed the only evidence that should be considered was the date of the testator’s death and the text of the will.
A contradictory hearing on the motions was held on November 30, 2000. At the start of the hearing, the trial court denied Coe, Jr.’s motion to limit evidence and allowed Mr. Hebert to introduce an affidavit, as executor of the will, stating that the “decedent left no account or accounts at Merrill Lynch as of the time of his death.” The parties proceeded to present their interpretations of La.R.S. 9:2501 and as to which law of forced heirship applied to the testament. After taking the matter under advisement, the trial court rendered judgment on December 22, 2000, denying Coe, Jr.’s motion for summary judgment. The trial court concluded that “[t]he record ... 1 fireflects that Richard Coe, Jr. was not a forced heir as prescribed by Louisiana Revised Statutes 9:2501.” After determining that the law in effect at Coe, Sr.’s death was applicable, the trial court held that Coe, Jr.’s legacy had lapsed because the evidence indicated that the Merrill Lynch accounts were no longer in existence. See La.Civ.Code art. 1597.[2]
Richard Coe, Jr. appeals the trial court’s denial of his motion for summary judgment as well as its denial of his motion to limit the introduction of evidence.
Discussion of the Merits
Appellate courts review summary judgments de novo, applying the same criteria as the trial court in considering whether or not summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991). Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).
The question to be decided in the instant matter is whether or not any one of the three requirements set forth in La.R.S. 9:2501(1) apply to Coe, Sr.’s testament which would, in turn, resolve Coe, Jr.’s status as a forced heir. When making *800 such a determination, the supreme court explained that:
IfiThe clear wording of La. R.S. 9:2501[1] requires that there be actual verbiage in the testament indicating an intent to cut off the forced heir’s right of reduction under La. C.C. art. 1503, et seq. Accordingly, we find that each of the three requirements found in La.R.S. 9:2501[1] requires a clear and affirmative action by the testator.
See Boyter, 99-761, p. 13, 756 So.2d at 1131. See also Toncrey, 00-1761, 769 So.2d 1172.
The relevant portion of Coe, Sr.’s testament, reads:
FIRST, I give and bequeath unto my son my husband [sic], Richard M. Coe, Jr. as his forced portion all funds on deposit with Merrill Lynch.
A reading of this portion of the testament, and specifically Coe, Sr.’s use of the words “forced portion,” reveals that he understood at the time he executed his testament that Coe, Jr. was entitled to a portion of his estate as a forced heir. In order to provide for Coe, Jr.’s “forced portion,” Coe, Sr. bequeathed unto him “all funds on deposit with Merrill Lynch.” Although Coe, Sr. did not state the value of the Merrill Lynch funds, it seems obvious that he considered them sufficient to satisfy Coe, Jr.’s forced portion. Moreover, neither party claims to know whether, in fact, the value of the funds would have satisfied Coe, Jr.’s forced portion of that time.
La.R.S. 9:2501(1)(a) requires that the testator “manifest an intent to disinherit a forced heir or to restrict a forced heir to the legitime under the law in effect at the tune of the testator’s death.” The words “manifests an intent” have been interpreted by the supreme court to require an affirmative act by the testator. See Boyter, 99-761, 756 So.2d 1122. Here, the testament neither expresses an intent by the testator to disinherit Coe, Jr. nor does it present an affirmative act by the testator to limit Coe, Jr.’s legitime under the law in effect at the time of the testator’s death. The testament [7clearly provided Coe, Jr. with a bequest with' no indication that the bequest would be altered either by some future event or if the law pertaining to forced heirship changed.
Next, subsection (l)(b) indicates that the law in effect at the time of the testator’s death applies “[w]hen the testament leaves to the forced heir an amount less than his legitime under the law in effect at the time the testament is executed.” In order for this provision to apply the testament must contain some “positive statement” limiting the forced heir’s legitime. Again, the record does not establish whether the Merrill Lynch funds were more or “less” than the legitime Coe, Jr. was entitled to under the law at the time the testament was executed. However, by use of the phrase “I give and bequeath unto my son ... as his forced portion” we believe that it was not Coe, Sr.’s intent to give his son less than the law required at that time. Accordingly, we conclude that this provision does not apply in the instant matter.
Finally, we determine that subsection (l)(c) is inapplicable because it requires that the testament “omit a forced heir.” Coe, Jr. is clearly mentioned in the testament as Coe, Sr.’s heir.
In sum, we conclude that according to the particular language of the testament in question, the requirements provided for in La.R.S. 9:2501(1) are not applicable in the instant matter and, therefore, the law in effect at the time the testament was exe *801 cuted governs. See La.R.S. 9:2501(2). Consequently, Coe, Jr., a descendant of the first degree who had not been legally disinherited, is a forced heir and entitled to all rights as such.[3]
|sDue to our findings on the motion for summary judgment, we pretermit a ruling on the assignment of error pertaining to the admissibility of the affidavit introduced by Mr. Hebert attesting that there were no longer funds on deposit with Merrill Lynch in the name of Richard M. Coe, Sr.
DECREE
For the foregoing reasons, the judgment of the trial court is reversed and summary judgment is rendered in favor of Richard M. Coe, Jr. finding the law in effect at the time Richard M. Coe, Sr.’s testament was executed governs the interpretation of the testament. Accordingly, under the laws of forced heirship at the time, Richard M. Coe, Jr. is declared to be a forced heir of Richard M. Coe, Sr. This matter is remanded to the trial court for further proceedings consistent with this opinion. All costs of this appeal .are assessed against the defendant/appellee, Harold J. Hebert.
REVERSED, RENDERED, AND REMANDED.

. La.Civ.Code art. 1493 states, in part:
A. Forced heirs are descendants of the first degree who, at the time of the death of the decedent, are twenty-three years of age or younger or descendants of the first degree of any age who, because of mental incapacity or physical infirmity, are permanently incapable of taking care of their persons or administering their estates at the time of the death of the decedent.

. La.Civ.Code art. 1597 states:
A legacy is extinguished to the extent that property forming all or part of the legacy is lost, extinguished, or destroyed before the death of the testator. However, the legatee is entitled to any part of the property that remains and to any uncollected insurance proceeds attributable to the loss, extinction, or destruction, and to the testator's right of action against any person liable for the loss, extinction, or destruction.

. See former La.Civ.Code art. 1495, which provided:
[T]he heirs are called forced heirs, because the donor can not deprive them of the portion of his estate reserved for them by law, except in cases where he has a just cause to disinherit them.